# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### IN THE SOUTHERN DIVISION

Edward Pinkney,

        Plaintiff,        Civil Case # _____

v                     Hon. _____

Berrien County and the Berrien
County Prosecuting Attorney, sued in his official capacity
as a local, non-state official and involving a
legal existence separate and distinct from Berrien County,
with both defendants jointly and severally liable.

        Defendants.
_____/.
Timothy M. Holloway (P42977)
Attorney for Plaintiff Edward Pinkney
P.O. Box 296
20257 Ecorse Rd., #5E
Taylor, MI 48180
(313) 383-3880
email: tim_holloway@att.net
_____/.


## COMPLAINT

## JURY TRIAL DEMAND

Now comes Plaintiff, Edward Pinkney, by and through his attorney, Timothy M.
Holloway, and alleges as follows:

## INTRODUCTION

1.  This action is brought pursuant to 42 U.S.C. § 1983 seeking compensatory damages to
redress the deprivation under color of state law of Plaintiff's rights as secured by the United
States Constitution based on the wrongful prosecution, conviction, incarceration and deprivation
of liberty of the plaintiff, Reverend Edward Pinkney caused by the defendants.  Plaintiff also
seeks attorney fees and costs under 42 U.S.C. § 1988.  This suit is based on the decisions of
Michael Sepic, acting in his official capacity and under color of state law as chief prosecutor for
Berrien County at all time relevant herein which caused the wrongful prosecution, conviction,
incarceration and deprivation of liberty of Pinkney in violation of the U.S. Constitution.  Both
defendants are liable, pursuant to Sepic's actions, for causing the violations of the U.S.
Constitution and damages actually and proximately caused by those violations.  The
constitutional violations include:

> (A) a violation of substantive Due Process under the Fourteenth
> Amendment of the United State Constitution;

> (B) a violation of procedural Due Process under the Fourteenth
> Amendment of the United States Constitution;

> (C) a violation of the fundamental and basic constitutional rights to bodily
> liberty, bodily integrity, personal security and/or privacy involved in the ordered
> concept of liberty of the United States Constitution and involved in the penumbras
> of specific guarantees in the Bill of Rights that create guarantees and rights related

1

to personal security and which fundamental and basic constitutional rights are protected by "[v]arious guarantees" that create these rights pursuant to U.S. Supreme Court case law that recognizes some fundamental and basic constitutional rights, but does not anchor those rights to a single constitutional provision or conclusively anchor those rights to specific constitutional provisions. *Griswold v. Connecticut,* 381 U.S. 479, 484-485 (1965) (finding a constitutional right of married couples to use contraceptives and stating there is a suggestion that "specific guarantees in the Bill of Rights have penumbras, formed by emanations from those guarantees that help give them life and substance" in relation to the right to personal security and that "[v]arious guarantees create zones of privacy"; the Court did not anchor the right to a specific constitutional provision and referenced "several fundamental constitutional guarantees" and amendments in the Bill of Rights in relation to the right); *Roe v. Wade,* 410 U.S. 113, 152 (1973) (the Court indicated there was a "fundamental right" in the "concept of ordered liberty" to personal privacy and stated a number of provisions in the Bill of Rights and the basic concept of personal privacy in the Constitution underlie this right but did not conclusively anchor the right to a specific constitutional provision, although the Court believed it was guaranteed by Due Process); see also, *Lutz v. City of York,* 899 F.2d 255, 260-61 (3d Cir. 1990) (while the right to travel is a fundamental constitutional right, the Court has "suggested," at various times, no less than seven different constitutional sources including a right that is "implicit in the structural logic of the Constitution itself"); and

2

(D) to the extent not already alleged in the above subparagraphs ((A) through (C))), the constitutional basis by which *Class v. United States,* 583 U.S. __; 138 S. Ct. 798, 804, 200 L. Ed. 2d 37 (2018) summarizing *Hocking Valley R. Co. v. United States,* 210 F. 735 (6th Cir. 1914) and *Carper v. State,* 27 Ohio St. 572, 575 (1875) indicated it is unconstitutional for the government to charge and convict a person in a criminal proceeding based on a charging document that does not set forth a crime – although *Class* did not identify the specific constitutional underpinning(s) for this proposition.

2.   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the Michigan Court of Claims, where it was given case number 18-000112-MM and was assigned to Judge Cynthia Diane Stephens.  The action is no longer pending in the Michigan Court of Claims.  It was dismissed pursuant to summary disposition.  However, the matter remains pending in the Michigan Court of Appeals based on an appeal of right taken on February 22, 2021, Michigan Court of Appeals case number 356363.  The title of the case in the Court of Claims and Michigan Court of Appeals is *Edward Pinkney v. State of Michigan, Michigan Department of Corrections and the Berrien County Prosecutor,* in its official capacity (a Sub-Entity, Arm and/or Agency of the State of Michigan for Purposes of the Claims Herein).

3.   The Michigan Court of Claims held that the Berrien County Prosecuting Attorney is a local official and is not a state actor or agent of the State of Michigan for purposes of the *Monell*-type claims that Pinkney alleged under the Michigan Constitution in relation to the wrongful conviction.

3

4. When there is a final Michigan appellate decision in the appeal from the matter filed in the Michigan Court of Claims, that appellate decision will likely impact the legal issues herein as *McMillian v. Monroe County,* 520 U.S. 781 (1997) indicates that Michigan law and case law is highly relevant to whether the decision of an elected official, such as the Berrien County Prosecuting Attorney, should be attributed, as a policy, to the state or county under *Monell v New York,* 436 US 658 (1978). If the Michigan Court of Claims decision is upheld in relation to the prosecutor being a local official and not a state official under state law for purposes of Pinkney's wrong conviction and, thereby, for purposes of *Monell*, the Michigan appellate decision will be controlling on the issue herein. *See, Hicks v. Feiock,* 485 U.S. 624, 629-630 & n. 3 (1988) (where state appellate court renders decision between same parties who are also in federal court, the federal court must apply the same rule of state law decided in the state court even if the federal court "may think that the state Supreme Court may establish a different rule in some future litigation.") quoting *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 237-238 (1940).

5. A prior holding of the Sixth Circuit U.S. Court of Appeals, *Cady v. Arenac County,* 574 F.3d 334, 342 (6th Cir. 2009), holding a prosecuting attorney in Michigan is a state agent when prosecuting state-law crimes, is vulnerable on additional grounds as: (A) it involved a *sua sponte* holding, without briefing from the parties; (B) did not reference or consider *McMillian v. Monroe County,* 520 U.S. 781 (1997) which is applicable to the issue; and (C) relied on a single case for this holding, which was a pre-*McMillian* case. *Cady, supra,* 574 F.3d 334 (*sua sponte* holding on this issue– without any briefing from the parties and without citing *McMillian* or providing the thorough analysis contemplated by *McMillian*) relying on *Pusey v. City of*

*Youngstown,* 11 F.3d 652 (6th Cir. 1993); see, *Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 720-721 (6th Cir. 2016) (Court of Appeals may revisit published 6th Circuit precedent when that precedent relied upon a Court of Appeals decision issued prior to a U.S. Supreme Court decision related to the issue but the 2nd opinion, decided after the U.S. Supreme Court decision, did not reference the U.S. Supreme Court decision).

6.  *Cady, supra,* 574 F.3d 334, also did not address whether a Michigan county's prosecuting attorney, sued in the official capacity, is subject to suit as a suable entity or official separate from the county and separate from the State of Michigan and may be held liable separate and distinct from the county and from the State of Michigan.

7.  The final Michigan appellate decision in the appeal from the Michigan Court of Claims may collaterally estop the Berrien County Prosecuting Attorney, sued in its official capacity in the Michigan Court of Claims, and Berrien County, which appeared to have been in privity with the Berrien County Prosecuting Attorney for purposes of the Michigan Court of Claims matter, from denying the Berrien County Prosecuting Attorney is a local official (and is not an official of the State of Michigan) for purposes of *Monell* liability.

8.  This action is being filed in order to protect Pinkney's ability to file within the 3-year statute of limitations applicable to suits under 42 U.S.C. §1983 that arise in Michigan due to Pinkney's claims accruing on or after May 1, 2018, when the Michigan Supreme Court entered an opinion in *People v Pinkney,* 501 Mich 259; 912 NW2d 535 (2018) that indicated the judgment of convictions in his criminal case should be vacated because Pinkney was charged and convicted on the basis of alleged crimes that do not exist.

9.  For purposes of the statute of limitations,  *Heck v. Humphrey,* 512 U.S. 477 (1994)

governs when the causes of action herein accrued under federal law.

## JURISDICTION AND VENUE

10.  Plaintiff adopts by reference and fully incorporates paragraphs one (1) through nine (9) above as though fully set forth herein.

11. This action is brought pursuant to 42 U.S.C. §1983 and the United State Constitution, including the Due Process Clause of the Fourteenth Amendment, the basic and fundamental constitutional rights as asserted in paragraph 1-C of this complaint and the constitutional basis upon which *Class, supra,* 138 S. Ct. 798, was decided as asserted in paragraph 1-D of this complaint.  Jurisdiction arises under 28 U.S.C. §§1331, 1343 & 2201 and 42 U.S.C. §§ 1983 & 1988.  Venue is proper as the plaintiff and defendants reside, for purposes of 28 U.S.C. § 1391, in the Western District of Michigan judicial district, and a substantial part of the events giving rise to the claims asserted herein occurred here as well.

## PARTIES

12.  Plaintiff adopts by reference and fully incorporates paragraphs one (1) through eleven (11) above as though fully set forth herein.

13.  Plaintiff, Edward Pinkney, is a resident of Benton Harbor, Berrien County, Michigan, is a citizen of the United States of America and is entitled to all the rights and benefits conferred by the United States Constitution.  While incarcerated within the Michigan Department of Corrections, his Michigan Department of Corrections inmate number was 294671.

14.  Defendant Berrien County is a county within the State of Michigan, is properly sued in its own name and acted under color of state law at all times relevant to this action.

15. The Berrien County Prosecuting Attorney: (A) is being sued in his official capacity as

a local, non-state official; (B) may sue and be sued in an official capacity; (C) has a legal

existence separate and distinct from Berrien County; and (D) acted under color of state law at all

times relevant to this action. .

16.   The current Berrien County Prosecuting Attorney states, on a website maintained by

Berrien County, that "[t]he Prosecuting Attorney's office is responsible for a wide array of

functions for the County, including . . .  [r]epresent[ing] the County in criminal matters before

the District and Circuit Courts" but makes no reference to representing the State of Michigan.

(webpage, as of April 7, 2021, at www.berriencounty.org/170/Prosecuting-Attorney).

17.   Michigan prosecuting attorneys are established under the section of the Michigan

Constitution that establishes local government.  Mich. Const. 1963, Art. VII, § 4 ("There shall be

elected for four-year terms in each organized county a sheriff, a county clerk, a county treasurer,

a register of deeds and a prosecuting attorney, whose duties and powers shall be provided by

law."); Mich. Const. 1963, Art. VII (entitled "Local Government")

18.   The Berrien County Prosecuting Attorney, sued in the legal capacity as a local, non-

state official has a legal existence separate from Berrien County and the State of Michigan and is

suable as a separate official or entity.  *See, Franklin v. Zaruba,* 150 F.3d 682, 685-686 (7th Cir.

1998) (sheriff, elected on a county-wide basis, was agent of sheriff's department for official

capacity suit and not the county or the State of Illinois),  *Carver v. Condie,* 169 F.3d 469, 472

(7th Cir. 1999) (*Carver I*) and *Hudson v. City of New Orleans,* 174 F.3d 677 (5th Cir 1999)

(district attorney's office sued as a separate entity in its official capacity).

19.   The Berrien County Prosecuting Attorney, sued in his official capacity as a local,

non-state official or entity, is not entitled to Eleventh Amendment immunity.  See, *Hudson,*

*supra,* 174 F.3d 677.

20.   The Berrien County Prosecuting Attorney, in his official capacity, is commonly known as, and can be sued on behalf of, the Office of the Berrien County Prosecutor as indicated by the Michigan Court of Appeals.  *Trendell v. Hackel,* Mich COA slip. op. pg. 11, 019 Mich. App. LEXIS 5445, *25, 2019 WL 4389172 – Mich COA No. 345520 (9-12-19) (Eric Smith, who until recently was the Macomb County Prosecuting Attorney, could "be sued on behalf of the Office of the Macomb County Prosecutor").

21.   The actions of Berrien County's former prosecutor, Michael Sepic, who was the elected or appointed prosecutor for the Berrien County and acted under color of state law, at all times relevant herein, are imputed to Berrien County for purposes of the constitutional violations herein.

22.   The actions of Berrien County's former prosecuting attorney, Michael Sepic, who was the elected or appointed prosecutor for the Berrien County and acted under color of state law, at all times relevant herein, are imputed to the Berrien County Prosecuting Attorney, sued in his official capacity as a local, non-state official, for purposes of the constitutional violations herein.

23.   On information and belief, Berrien County has entered into a contract that will or may result in indemnification of the Berrien County Prosecuting Attorney, sued in his official capacity, if the Berrien County Prosecuting Attorney, in the official capacity, is found liable for damages herein.

24.   Berrien County is responsible for the funding of the Berrien County Prosecuting Attorney and is subject to suit by the prosecutor on this basis.  M.C.L. 141.436(9); *Wayne County*

*Prosecutor v. Wayne County Board of Commissioners,* 93 Mich. App. 114, 123-124, 286 N.W.2d 62, 67 (1979).

25.   Independent of Berrien County's direct liability for the constitutional claims herein as a party, Berrien County is also properly joined in this matter due to this potential indemnification.   *See, Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 947-948 (7th Cir. 2003) (*Carver II*) (where county was required, under Illinois state law, to pay any judgment against the sheriff sued in the official capacity, county properly participated in federal matter in relation to that requirement even though county had been previously dismissed, for purposes of the county's direct liability for constitutional violations, as a party in *Carver I*) citing Fed. R. Civ. P. 17 & 19; *Carver v. Condie,* 169 F. 3d 469 (7th Cir. 1999) (*Carver I*) (county had been dismissed in relation to direct liability as a party as "[u]nder the Illinois Constitution, the sheriff is an independently elected constitutional officer who answers only to the electorate, not to the County Board of Commissioners."); *Franklin, supra,* 150 F.3d at 685-686 (sheriff's department, is an entity separate from the county and separate from the State of Illinois, where sheriff is an elected officer and agent of the sheriff's department, not the county or state, for purposes of an official capacity suit under 42 U.S.C. 1983).

## FACTUAL STATEMENTS

26.   Plaintiff adopts by reference and fully incorporates paragraphs one (1) through twenty-five (25) above as though fully set forth herein.

27.   On or about April 23, 2014, the former Berrien County Prosecutor, Michael Sepic, charged Pinkney – pursuant to a warrant issued by the Berrien County Trial Court – with five (5) counts the prosecutor alleged to be felonies under MCL 168.937 but which actually did not

9

involve criminal charges (hereinafter "alleged-felonies") and six (6) misdemeanor counts under MCL 168.957.  As indicated on the face of the complaint (Exhibit A), this warrant was specifically authorized by Sepic, the former head prosecutor for Defendant Berrien County Prosecutor, sued in his official capacity as a local, non-state official or entity.

28.  Plaintiff Pinkney submitted to the aforementioned warrant's show of authority and was arraigned on the warrant on or about April 25, 2014, in the Berrien County Trial Court.

29.  The case caption for this criminal case was *People v Edward Pinkney* with the following case numbers assigned in the trial court and the appellate courts on direct appeal after entry of the judgment in the criminal case:  (a) Berrien County Trial Ct # 2014-001528-FH; (b) Court of Appeals # 325856; and (c) Mich. S.Ct. # 154374.

30.  Former Berrien County Prosecuting Attorney Sepic acted on behalf of both civil defendants herein (Berrien County and the Berrien County Prosecuting Attorney, sued in his official capacity) and represented the government in the criminal case of *People v Edward Pinkney* during the preliminary examination in the Berrien County Trial Court on or about May 30, 2014, and on or about June 5, 2014.  During this preliminary examination Pinkney was bound over for trial on the five (5) alleged-felony counts under MCL 168.937.

31.  Michael Sepic, was the chief prosecutor for Berrien County at all times relevant to this matter, was elected on a county-wide basis, and was originally appointed to that position.

32.  After the preliminary examination, Pinkney was charged pursuant to an Information dated June 17, 2014, and filed in the Berrien County Trial Court, that was signed by former Berrien County Prosecuting Attorney, Sepic.  This Information (contained in Exhibit B) was filed on or about June 18, 2014.

33.  Former Berrien County Prosecuting Attorney, Sepic, signed an Amended Information (contained in Exhibit B) on or about October 17, 2014, and filed it on or about October 20, 2014.

34.  Pinkney proceeded to trial on the five (5) alleged-felony charges and the misdemeanor charges.  The trial began on or about October 23, 2014 and continued several days until it ended on or about November 3, 2014.

35.  The trial verdict in the criminal case against Pinkney was returned on November 3, 2014.  Pinkney was acquitted on all of the misdemeanor counts.  The jury returned verdicts of guilty on the five (5) alleged-felony counts.

36.  On or about December 15, 2014, the Berrien County Trial Court sentenced Pinkney to 2 ½ to ten (10) years in prison with the Michigan Department of Corrections for the five (5) alleged-felony counts.

37.  Berrien County Prosecuting Attorney, Sepic, represented the government at all trial-level proceedings, including the trial, motion hearings and sentencing.

38.  Sepic's position at sentencing was that Pinkney should be incarcerated.

39.  A judgment of sentence and conviction was entered on or about December 15, 2014, that sentenced Pinkney to the custody of the Michigan Department of Corrections.  (Exhibit C, Judgment and Commitment to MDOC)

40.  Sepic acted in a policymaking capacity on behalf of Berrien County in the criminal matter against Pinkney, for purposes of liability herein in relation to all of circumstances regarding the aforementioned case of *People v Edward Pinkney,* pursuant to the policymaking theory of liability of *Monell v New York,* 436 US 658 (1978) and its progeny.

41.  Sepic acted in a policymaking capacity on behalf of the Berrien County Prosecuting

Attorney (sued in his official capacity as a local, non-state official) in the criminal matter against Pinkney, for purposes of liability herein in relation to all of circumstances regarding the aforementioned case of *People v Edward Pinkney,* pursuant to the policymaking theory of liability of *Monell v New York,* 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978) and its progeny.

42. Pinkney was immediately committed to the custody of the Michigan Department of Corrections based on the sentence for the five (5) alleged-felony counts.

43. Plaintiff Pinkney was incarcerated in the Michigan Department of Corrections, based solely on the five (5) alleged-felony counts, beginning on or about December 15, 2014, until Pinkney was paroled on or about June 13, 2017.

44. The locations of Pinkney's incarceration included the following: (a) Lakeland Correctional Facility in Coldwater, MI; (b) Marquette Branch Prison in Marquette, MI; (c) Brooks Correctional Facility in Muskegon Heights, MI; and (d) West Shoreline Correctional Facility in Muskegon Heights, MI.

45. Plaintiff Pinkney was paroled on or about June 13, 2017, and was released from Brooks Correctional Facility in Muskegon Heights, Michigan on or about that date.

46. Pinkney's parole was terminated after the Michigan Supreme Court's May 1, 2018, opinion that required the vacating of the judgment of conviction in *People v Edward Pinkney.*

47. Pinkney's liberty was restrained while on parole pursuant the aforementioned judgment in the aforementioned matter of *People v Edward Pinkney*.

48. As previously indicated, Berrien County Prosecuting Attorney, Sepic, filed and prosecuted the five (5) alleged-felony counts alleging that they were authorized by MCL 168.937.

49.  However, MCL 168.937 did not allow for the filing of substantive felony counts as it only involved a penalty statute as held by the Michigan Supreme Court in an opinion of the Michigan Supreme Court issued in Lansing, Michigan, on May 1, 2018, in *People v. Edward Pinkney,* (Mich SCt # 154374), which can be found at *People v. Pinkney,* 501 Mich. 259; 912 N.W.2d 535 (2018).

50.  Pinkney was brought into court for five (5) alleged-felony charges, sent to prison based on those alleged-felony charges and had his liberty restricted while on parole based on those alleged-felony charges, when those five (5) alleged-felony charges did not actually exist.

51.  Pinkney's civil claims accrued for purposes of the statute of limitations on or after May 1, 2018, when the Michigan Supreme Court entered the opinion in *People v Edward Pinkney,* Mich. S.Ct. #154374), *People v Pinkney,* 501 Mich 259; 912 NW2d 535 (2018).

52.  The intent to deprive Pinkney of his liberty, through prosecution, conviction and incarceration, is the only intent that is relevant to whether Sepic, Berrien County and the Berrien County Prosecuting Attorney (sued in his official capacity as a local, non-state official) caused a violation of the Due Process Clause of the 14th Amendment of the U.S. Constitution for purposes of Count I and Count II of this complaint.

53.  The intent to deprive Pinkney of his liberty, through prosecution, conviction and incarceration, is the only intent that is relevant to whether Sepic, Berrien County and the Berrien County Prosecuting Attorney (sued in his official capacity as a local, non-state official) caused a violation of the U.S. Constitution for purposes of Count II and Count IV of this complaint.

54.  There is no requirement, for purposes of Counts I through IV, that Sepic, Berrien County or the Berrien County Prosecuting Attorney (sued in his official capacity as a local, non-

13

state official) have intent to violate Pinkney's constitutional rights or have knowledge that they were violating Pinkney's constitutional rights.

55.  Berrien County and the Berrien County Prosecuting Attorney (sued in his official capacity as a local, non-state official) are liable for causing the constitutional violations alleged in this complaint and are liable for the causation in fact and the proximate cause of all of the damages alleged in this complaint.

56.  Due to the fact that the alleged-felony charges never existed under Michigan law, the alleged-felony charges were brought and prosecuted without any constitutional authority to prosecute Pinkney and cause Pinkney's conviction, incarceration and deprivation of liberty pursuant to parole.

## *MONELL* LIABILITY

57.  Plaintiff Pinkney hereby adopts by reference and fully incorporates paragraphs one (1) through fifty-six (56).

58.  Michael Sepic was the head Berrien County Prosecutor at all time relevant to this matter and his decisions, related to Pinkney's prosecution, conviction and incarceration, involve policy decisions of both defendants, Berrien County and the Berrien County Prosecuting Attorney (sued in his official capacity as a local, non-state official) under the *Monell* theory of liability related to a governmental entity's responsibility for constitutional violations.  *See, Pembaur v. City of Cincinnati,* 475 U.S. 469, 484-85 (1986) (in directing officers as to execute capias writs or warrants, County Prosecutor's single act of making "a considered decision based on his understanding of the law and command[ing] the officers forcibly to enter petitioner's clinic" was a final policy decision for purposes of *Monell* that caused a violation of the plaintiff's

14

Fourth Amendment rights).

59. Berrien County is liable for the unconstitutional prosecution, conviction and incarceration of Pinkney, along with the unconstitutional deprivation of Pinkney's liberty while on parole, that is alleged in this complaint.

60. The Berrien County Prosecuting Attorney (sued in his official capacity as a local, non-state official) is liable for the unconstitutional prosecution, conviction and incarceration of Pinkney, along with the unconstitutional deprivation of Pinkney's liberty while on parole, that is alleged in this complaint.

**No Governmental Immunity**

61. Plaintiff Pinkney hereby adopts by reference and fully incorporates paragraphs one (1) through sixty (60) above as though fully set forth herein.

62. State-law notice provisions do not apply to Pinkney's claims brought under 42 U.S.C. §1983. *Felder v. Casey*, 487 U.S. 131 (1988); *Rushing v. Wayne County,* 436 Mich. 247, 259, 462 N.W.2d 23 (1990).

63. Immunities under state law do not apply to Pinkney's claims brought under 42 U.S.C. § 1983 in state or federal court. *Martinez v. California,* 444 US 277, 284 n 8 (1980); *Rushing v. Wayne County,* 436 Mich. 247, 259; 462 N.W.2d 23 (1990); *Howlett v. Rose,* 496 U.S. 356 (1990).

64. Berrien County is not entitled to any immunities such as absolute prosecutorial immunity that Michael Sepic may have been entitled to if Sepic had been sued in his individual capacity. *Owen v. City of Independence,* 445 U.S. 622, 637-638 (1980).

65. The Berrien County Prosecuting Attorney (sued in its official capacity as a local,

15

non-state official) is not entitled to any immunities such as absolute prosecutorial immunity that

Michael Sepic may have been entitled to if Sepic had been sued in his individual capacity.  *Owen*

*v City of Independence,* 445 US 622, 637-638 (1980); *Cady v. Arenac County,* 574 F.3d 334, 342

(6th Cir. 2009) (Michigan prosecutor, sued in the official capacity, is not entitled to absolute

immunity that would apply if the prosecutor had been sued in the individual capacity).

## DAMAGES

66.  Plaintiff Pinkney hereby adopts by reference and fully incorporates paragraphs one

(1) through sixty-five (65) above as though fully set forth herein.

67.  Pinkney was unconstitutionally incarcerated and deprived of his liberty based on

spending 2 ½ years (30 months) in prison pursuant to the constitutional violation(s) set forth in

this complaint and is entitled to compensatory damages for this unconstitutional incarceration

and deprivation of liberty.  The damages that resulted to Pinkney for this loss of liberty are

extreme and should be awarded in an amount greater than $1,500,000 per year of incarceration

(greater than $3,750,000 for 2 1/2 years).

68.  As actions imputed to Berrien County resulted in Pinkney's wrongful incarceration, a

special relationship existed between Berrien County and Pinkney for purposes of damages

Pinkney endured while incarcerated.

69.  As actions imputed to the Berrien County Prosecuting Attorney (sued in its official

capacity as a local, non-state official) resulted in Pinkney's wrongful incarceration, a special

relationship existed between Berrien County and Pinkney for purposes of damages Pinkney

endured while incarcerated.

70.  Pinkney's incarceration resulted in Pinkney's inability to properly protect himself

while incarcerated from events in the prison, prison conditions and prison employees' actions.

71.  Beyond the damages for the aforementioned incarceration and serious deprivation of liberty for 30 months, additional damages are based on:

      A.  emotional distress related to all of the of the following – prosecution, incarceration for alleged-felony charges and restrictions on parole for the alleged-felony charges, when those alleged-felony charges that did not exist – and related to the lengthy defense of those charges in the trial court and the appellate courts;

      B.  loss of consortium and limited contact with his wife, Dorothy Pinkney;

      C.  limited contact with his grandchildren;

      D.  damages based on restrictions and conditions placed on Pinkney's liberty while on parole under the supervision of the Michigan Department of Corrections (MDOC);

      E.  damages based on physical and mental injury, as well as for physical discomfort while in prison;

      F.  damages caused by events in the MDOC, prison conditions within the MDOC and MDOC's employees' actions which were the natural consequence of Pinkney incarceration and which were proximately caused by that incarceration, even if those events, conditions and actions were not anticipated, apprehended or foreseen by Sepic, Berrien County or the Berrien County Prosecuting Attorney sued in its official capacity; and

      G.  Legal fees and costs related to the criminal matter.

## COUNT I – VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE 14TH AMENDMENT BROUGHT UNDER 42 U.S.C. §1983

72. Plaintiff Pinkney hereby adopts by reference and fully incorporates paragraphs one (1) through seventy-one (71) above as though fully set forth herein.

73.  Both Berrien County and the Berrien County Prosecuting Attorney (sued in its official capacity as a local, non-state official) are liable under this Count.

74.  In violation of the substantive protections of the Due Process Clause of the 14th Amendment of the United States Constitution, Plaintiff Pinkney was unconstitutionally convicted, unconstitutionally imprisoned, subjected to unconstitutional post-imprisonment restraints on his liberty and/or subjected to an unconstitutional prosecution based on alleged charges that do not exist and for which, as a matter of substantive Due Process, Pinkney could not be constitutionally prosecuted regardless of whether Pinkney was provided procedural events such as a preliminarily exam and a trial that are normally provided during criminal prosecutions.

75.  Michael Sepic had the intent to deprive Pinkney of his liberty, subject him to prosecution and subject him to incarceration and restraints on Pinkney's liberty when Sepic took actions that caused Pinkney's prosecution, incarceration and restraints on liberty.

76.  Under *Monell* and its progeny, Sepic's actions and intent are imputed to Berrien County and the Berrien County Prosecuting Attorney (sued in his official capacity as a local, non-state official) for purposes of this count.

77.  The constitutional violation(s) herein were the cause in fact and proximately caused all of the aforementioned damages referenced in this complaint.

78.  The defendants are not entitled to any form of immunity in relation to this count.

79. Pinkney is entitled to compensatory damages, for all of the damages referenced in this complaint, based on this count

80. Pinkney is entitled to attorney fees and costs under 42 U.S.C. § 1988 based on this count.

## COUNT II – VIOLATION OF PROCEDURAL DUE PROCESS UNDER THE 14TH AMENDMENT BROUGHT UNDER 42 U.S.C. § 1983

81. Plaintiff Pinkney hereby adopts by reference and fully incorporates paragraphs one (1) through eighty (80) above as though fully set forth herein.

82. Both Berrien County and the Berrien County Prosecuting Attorney (sued in its official capacity as a local, non-state official) are liable under this Count.

83. In violation of the procedural protections of the Due Process Clause of the 14th Amendment of the United States Constitution, Plaintiff Pinkney was unconstitutionally convicted, unconstitutionally imprisoned, subjected to unconstitutional post-imprisonment restraints on his liberty and/or subjected to an unconstitutional prosecution based on alleged charges that do not exist and based on the lack of procedural protections, such as Due Process notice of an actual crime and proceedings where the criteria of an actual crime were considered, as a matter of procedural Due Process.

84. Michael Sepic had the intent to deprive Pinkney of his liberty, subject him to prosecution and subject him to incarceration and restraints on Pinkney's liberty when Sepic took actions that caused Pinkney's prosecution, incarceration and restraints on liberty.

85. Under *Monell* and its progeny, Sepic's actions and intent are imputed to Berrien County and the Berrien County Prosecuting Attorney (sued in his official capacity as a local,

19

non-state official) for purposes of this count.

86. The constitutional violation(s) herein were the cause in fact and proximately caused all of the aforementioned damages referenced in this complaint.

87. The defendants are not entitled to any form of immunity in relation to this count.

88. Pinkney is entitled to compensatory damages, for all of the damages referenced in this complaint, based on this count

89. Pinkney is entitled to attorney fees and costs under 42 U.S.C. § 1988 based on this count.

**COUNT III – VIOLATION OF THE FUNDAMENTAL AND BASIC CONSTITUTIONAL RIGHTS TO BODILY LIBERTY, BODILY INTEGRITY, PERSONAL SECURITY AND/OR PRIVACY INVOLVED IN THE ORDERED CONCEPT OF LIBERTY OF THE UNITED STATES CONSTITUTION AND INVOLVED IN THE PENUMBRAS OF SPECIFIC GUARANTEES IN THE BILL OF RIGHTS BROUGHT UNDER 42 U.S.C. § 1983**

90. Plaintiff Pinkney hereby adopts by reference and fully incorporates paragraphs one (1) through eighty-nine (89) above as though fully set forth herein.

91. Both Berrien County and the Berrien County Prosecuting Attorney (sued in its official capacity as a local, non-state official) are liable under this Count.

92. In of the violation of the fundamental and basic constitutional rights to bodily liberty, bodily integrity, personal security and/or privacy involved in the ordered concept of liberty of the United States Constitution and involved in the penumbras of specific guarantees in the Bill of Rights of the United States Constitution, Plaintiff Pinkney was unconstitutionally convicted, unconstitutionally imprisoned, subjected to unconstitutional post-imprisonment restraints on his liberty and/or subjected to an unconstitutional prosecution based on alleged charges that do not

exist and for which, as a matter of the these constitutional rights, Pinkney could not be constitutionally prosecuted.

93.  Michael Sepic had the intent to deprive Pinkney of his liberty, subject him to prosecution and subject him to incarceration and restraints on liberty when Sepic took actions that caused the Pinkney's prosecution, incarceration and restraints on Pinkney's liberty.

94.  Under *Monell* and its progeny, Sepic's actions and intent are imputed to Berrien County and the Berrien County Prosecutor (sued in its official capacity as a local, non-state official) for purposes of this count.

95.  The constitutional violation(s) herein were the cause in fact and proximately caused all of the aforementioned damages referenced in this complaint.

96.  The defendants are not entitled to any form of immunity in relation to this count.

97.  Pinkney is entitled to compensatory damages, for all of the damages referenced in this complaint, based on this count

98.  Pinkney is entitled to attorney fees and costs under 42 U.S.C. 1988 based on this count.

**COUNT IV – VIOLATION OF CONSTITUTIONAL RIGHTS INDICATED BY *Class v. United States*, 583 U.S. __; 138 S. Ct. 798, 804, 200 L. Ed. 2d 37 (2018) BROUGHT UNDER 42 U.S.C. 1983**

99. Plaintiff Pinkney hereby adopts by reference and fully incorporates paragraphs one (1) through ninety-eight (98) above as though fully set forth herein.

100.  Both Berrien County and the Berrien County Prosecuting Attorney (sued in its official capacity as a local, non-state official) are liable under this Count.

101.  In violation of the U.S. Constitutional rights involved in *Class v. United States,* 583

U.S. __; 138 S. Ct. 798, 804, 200 L. Ed. 2d 37 (2018), Plaintiff Pinkney was unconstitutionally convicted, unconstitutionally imprisoned, subjected to unconstitutional post-imprisonment restraints on his liberty and/or subjected to an unconstitutional prosecution based on alleged charges that do not exist.

102.   Michael Sepic had the intent to deprive Pinkney of his liberty, subject him to prosecution and subject him to incarceration and restraints on Pinkney's liberty when Sepic took actions that caused Pinkney's prosecution, incarceration and restraints on Pinkney's liberty.

103.   Under *Monell* and its progeny, Sepic's actions and intent are imputed to Berrien County and the Berrien County Prosecutor (sued in its official capacity as a local, non-state official) for purposes of this count.

104.   The constitutional violation(s) herein were the cause in fact and proximately caused all of the aforementioned damages referenced in this complaint.

105.   The defendants are not entitled to any form of immunity in relation to this count.

106.   Pinkney is entitled to compensatory damages, for all of the damages referenced in this complaint, based on this count

107.   Pinkney is entitled to attorney fees and costs under 42 U.S.C. 1988 based on this count.

WHEREFORE, Plaintiff prays the court enter judgment, for compensatory damages in excess of $3,750,000, in favor of Plaintiff and against Berrien County and the Berrien County Prosecuting Attorney, sued in his official capacity as a local non-state official, jointly and severally, or for whatever sum Plaintiff is entitled along with attorney fees and costs under 42 USC § 1988, together with interest and any costs and attorney fees that may be awarded under any other rules or statutes.

Respectfully submitted,

Dated:  April 12, 2021

s/Timothy M. Holloway
Timothy M. Holloway
Attorney for Plaintiff
P.O. Box 296
20257 Ecorse Rd., #5E
Taylor, MI 48180
(313) 383-3880
tim_holloway@att.net

23

## **JURY DEMAND**

Plaintiff, Edward Pinkney, hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

Dated:  April 12, 2021

s/Timothy M. Holloway
Timothy M. Holloway
Attorney for Plaintiff
P.O. Box 296
20257 Ecorse Rd, #5E
Taylor, MI 48180
(313) 383-3880
tim_holloway@att.net

24