UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PINKNEY,

    Plaintiff,

v.

BERRIEN COUNTY, et al.,

    Defendants.

_____/

CASE No. 1:21-CV-310

HON. ROBERT J. JONKER

## OPINION AND ORDER

### INTRODUCTION

Plaintiff Edward Pinkney was convicted of five counts of election-law forgery in violation of MICH. COMP. LAWS § 168.937 in Michigan State Court. His convictions were vacated and the charges dismissed, however, after the Michigan Supreme Court determined that the statute was only a penalty provision, and that it did not set out any substantive offense. Following that decision, Pinkney brought this civil action based on the events relating to his prosecution, conviction, and subsequent incarceration. In particular, Pinkney alleges the county and county prosecutor that charged him in the case violated his substantive and procedural due process rights as well as other certain described fundamental rights in violation of 42 U.S.C. § 1983.

The matter is before the Court on Defendants' Motion to Dismiss under Rule 12(b)(6) (ECF No. 7) and Pinkney's motion to stay pending the resolution of a State Court claim. (ECF No. 12). The motions were not fully briefed by the Rule 16 scheduling conference, but the Court heard the parties on their basic positions during the conference. Thereafter the Court ordered supplemental briefing that has since been filed. The Court has also determined that additional argument on the

motions is unnecessary. (ECF No. 21). The matter is now ready for decision. After considering all matters of record, the Court **DENIES** Pinkney's motion to stay and **GRANTS** the defense motion to dismiss. Under controlling Sixth Circuit precedent, the Berrien County prosecutor is entitled to Eleventh Amendment immunity, and the County cannot be liable for the decision of the prosecutor to enforce State law. Pinkney's claims, furthermore, fail on the merits under Rule 12(b)(6) review.

## BACKGROUND

The facts of this case are not in dispute. Between November 2013 and January 2014, Pinkney participated in a recall campaign against the mayor of Benton Harbor, Michigan. To bring the matter to an election day vote, the campaign needed to submit to the county clerk a minimum of approximately four-hundred signatures on petitions that supported the recall. Under state law, the campaign had a sixty-day window within which to collect the signatures. The campaign submitted more than the requisite number of signatures and the clerk initially found enough of those signatures qualified to move the matter to the ballot. But further inspection of the petitions raised questions about some of the signatures, and the county clerk forwarded the petitions to the Berrien County Sheriff's Department. After performing an examination, law enforcement determined that some of the petitions contained altered dates to move stale signatures into the sixty-day window. *See generally People v. Pinkney*, 501 Mich. 259, 912 N.W.2d 535 (2018). Without those signatures, the petitions did not qualify for the ballot.

Pinkney was charged, in relevant part, with five counts of election-law forgery under MICH. COMP. LAWS § 168.937 for his alleged role in the scheme. Before trial, Pinkney sought to quash the charges on the basis that the charging statute was a penalty provision and not a substantive, chargeable offense. *Pinkney*, 501 Mich. at 264. The trial court denied the motion, and the matter

proceeded to trial. On the day Pinkney's trial began, the Michigan Court of Appeals reached the same conclusion the trial judge did: namely, that MICH. COMP. LAWS § 168.937 created a substantive criminal offense. *People v. Hall*, Case No. 321045, 2014 WL 5409079, at *6 (Mich. Ct. App. Oct. 23, 2014). Following an eight-day jury trial, Pinkney was convicted on the five counts.[1] He was sentenced on December 15, 2014, to 30 to 120 months imprisonment.

Pinkney appealed his convictions. He argued, as he did in the trial court, that the Michigan statute was not a substantive, chargeable offense. The Michigan Court of Appeals disagreed with Pinkney and affirmed his conviction and sentence. In so doing, the Court of Appeals relied on *People v. Hall* for the proposition that MICH. COMP LAWS § 168.937 "is not merely a penalty provision, but rather creates a substantive offense of forgery."[2] *See People v. Pinkney*, 316 Mich. App. 450 (Mich. Ct. App. July 26, 2016). Pinkney sought further review from the Michigan Supreme Court and in a decision dated May 1, 2018, the Michigan Supreme Court held that the State statute did not create a substantive offense of election law forgery. *People v. Pinkney*, 501 Mich. 259 (2018). Pinkney's convictions were vacated, and he was released from custody. Since then, Pinkney has pursued civil remedies, first in the Michigan courts and now, here, in federal court.

Pinkney first sought monetary relief in State Court via a lawsuit filed on June 12, 2018. The lawsuit in the Michigan Court of Claims named as defendants the State of Michigan, the Michigan Department of Corrections, and the Berrien County Prosecutor. (ECF No. 9-1). In his

---

[1] Pinkney was also charged with six counts of making a false statement in a certificate-of-recall petition in violation of MICH. COMP. LAWS § 168.957. The jury acquitted Pinkney on those charges.

[2] The Michigan Supreme Court reversed *People v. Hall*, 499 Mich. 466 (2016), but the basis for reversal did not dispute the conclusion that Mich. Comp. Laws § 168.937 created a substantive felony offense. *See also Pinkney*, 501 Mich. at 537 n.9 (explaining rationale of Supreme Court decision in *Hall*).

3

factual recitals, Pinkney alleged that the Berrien County Prosecutor "signed an Amended Information on or about October 17, 2014, and filed it on or about October 20, 2014, on behalf of the State of Michigan." (ECF No. 9-1, PageID.104). Plaintiff brought a single count for relief, alleging a violation of his constitutional rights. The Court of Claims dismissed Pinkney's Complaint, but Pinkney says the court's reasoning undermines the rationale of a Sixth Circuit decision in *Cady v. Aremac County*, 574 F.3d 334 (6th Cir. 2009), a case Defendants cite here for the proposition that the Berrien County Prosecuting Attorney is entitled to Eleventh Amendment immunity.[3]

Hence this federal lawsuit. Pinkney initiated his federal case in this court on April 12, 2021. (ECF No. 1). He raises four counts under 42 U.S.C. § 1983. Counts I and II assert violations of Pinkney's substantive and procedural due process rights, respectively, in violation of the 14th Amendment. Count III asserts a violation of Pinkney's "fundamental and basic constitutional rights to bodily liberty" and listed rights "involved in the penumbra of specific guarantees in the Bill of Rights." (ECF No. 1, PageID.21). Finally, Count IV asserts a constitutional violation "to the extent not already alleged" based on *Class v. United States*, 583 U.S. ___, 138 S. Ct. 798, 804 (2018). That case, Pinkney contends, stands for the proposition that "it is unconstitutional for the government to charge and convict a person in a criminal proceeding based on a charging document that does not set forth a crime[.]" (ECF No. 1, PageID.4).

On April 30, 2021, Defendants filed a motion to dismiss Pinkney's Complaint under FED. R. CIV. P. 12(b)(6). In the main, Defendants argue that the Defendant Prosecutor, sued only in his official capacity, acted as an official of the State when pursuing charges based on Michigan state

---

[3] The Court of Claims case is currently before the Michigan Court of Appeals. Both sides indicate that one issue will be whether the Berrien County prosecutor—a defendant in this case—acted as an agent of the State.

law as set out in *Cady v. Arenac County*, 574 F.3d 334 (6th Cir. 2009) and thus is protected by Eleventh Amendment immunity.  Along the same lines, the defense says the County cannot be held liable under *Monell* for the decision of the prosecutor to enforce Michigan state law.  As a further basis for dismissal, Defendants assert that Pinkney's claims are without merit, and thus he fails to state a claim.  Pinkney has responded in opposition to the motion, and further seeks a stay of the matter while the State Court litigation proceeds.  Pinkney says the resolution of the State matter has bearing on *Cady's* continued validity.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not necessary.  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Put differently, the complaint must contain more than "naked assertions devoid of further factual enhancement."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's

5

motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* Applying these standards, Pinkney's Complaint is subject to dismissal.

## DISCUSSION

### 1. *Plaintiff's Claim Against the Berrien County Prosecuting Attorney in His Official Capacity is Barred by Eleventh Amendment Immunity.*

In his Complaint, Pinkney sues the Berrien County Prosecutor, Michael Sepic, who Pinkney says authorized Pinkney's wrongful prosecution, conviction, incarceration, and deprivation of liberty. Recognizing that a suit against the prosecutor in his individual capacity would be barred by absolute immunity, Pinkney brings this claim against the prosecutor only "in his official capacity as a local, non-state official[.]" Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). An official-capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165-66. In their motion, Defendants argue that Pinkney's official-capacity claim against the prosecutor is barred by Eleventh Amendment immunity as set out in *Cady v. Arenac Cnty*, 574 F.3d 334 (6th Cir. 2009). The Court agrees.

The Eleventh Amendment bars claims for damages brought against a state, its agencies, and its officials sued in their official capacities. *Id.* at 342. "Whether a county prosecutor is deemed a 'state official' depends, at least in part, on state law." *Cady*, 573 F.3d at 342 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *see also Grainger v. Ottawa County*, Case No. 19-cv-501, ECF No. 127, PageID.3096 (W.D. Mich. Mar. 2, 2021)

(Maloney, J) (citing *Cady*, 574 F.3d at 342).  Local government units, like counties, are generally not considered part of the of the State for the purpose of the Eleventh Amendment.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.54 (1978).  A claimant can use § 1983 to sue a local government unit, including counties, for violations of federal civil rights.  *Monell*, 436 U.S. at 690.  The Berrien County Prosecutor, however, is not simply a local government office.  *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) (noting "there does not exist . . . a prosecutor's office" under Mich. Const. Art. 7, § 4).  Under *Cady*, the Berrien County Prosecutor acted as an agent of the State of Michigan when enforcing State law and Pinkney's claim is barred by Eleventh Amendment immunity.

In *Cady*, the Court of Appeals concluded in a published decision that under Michigan law, county prosecuting attorneys "are responsible for enforcing criminal laws on behalf of the state" and are therefore entitled to Eleventh Amendment immunity when suits are brought against them in their official capacity.  *Id.* at 343.  Accordingly, although prosecutors may be elected county officials or employed by the county, prosecutors in Michigan are deemed to be state agents when prosecting state criminal charges.  *Id.* (quoting MICH. COMP. LAWS § 49.153 (2008) for the proposition that "county prosecuting attorneys are charged with the duty of 'appear[ing] for the state or county, and prosecute or defend . . . all prosecutions, suits, applications and motions, whether civil or criminal, in which the state or county may be a party or interest.'").  Here, Pinkney was charged with, prosecuted, and convicted for violating a Michigan statute passed by the State of Michigan legislature.  "[S]tate criminal law represents the policy of the state." *Id.*  Accordingly, the Defendant Berrien County prosecutor "was acting 'as a state agent when prosecuting state criminal charges'" and "should therefore be treated as a suit against the state." *Id.* (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993)).

7

Regardless of the form of relief requested, the States are immune under the Eleventh Amendment from suit in the federal counts, unless the State has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979).  The State of Michigan has not consented to civil suits in federal court, and Congress has not abrogated the immunity for this type of claim. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  Accordingly, Pinkney has failed to state a claim against the Defendant Berrien County Prosecuting Attorney.[4]

Pinkney's arguments to the contrary are unavailing.  Pinkney recognizes the *Cady* decision, but argues that it does not compel dismissal in this case because 1) pending State court litigation may demonstrate that *Cady* was wrongly decided; and 2) this case is distinguishable.  Neither argument is persuasive.

Pinkney's claim in State Court is currently pending in the State Court of Appeals.  He does not quibble with the defense argument here that the Court of Claims in the State Court case misconstrued the prosecutor's argument with respect to agency.  Moreover, so far Michigan State courts (albeit in an unpublished decision) have followed *Cady*'s reasoning.  *See Crawford v. Lapeer County Prosecutor*, Case No. 302836, 2012 WL 1060631, at *1 (Mich. Ct. App. Mar. 29, 2012) ("County prosecuting attorneys, when prosecuting individuals for violations of state law, are considered state officials[.]").  Also, unless the Sixth Circuit overrules *Cady*, this Court is bound to follow it.  At bottom, "the district courts in a circuit owe obedience to a decision of the

---

[4] Ordinarily, a suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Nevertheless, an official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official).  Pinkney seeks only damages, so the *Ex Parte Young* exception does not apply.

court of appeals in that circuit and ordinarily must follow it until the court of appeals overrules it." *Fernanders v. Daughtrey*, No. 16-10262, 2016 WL 612758, at *4 (E.D. Mich. Feb. 16, 2016) (quoting *Moore's Federal Practice* and collecting cases).

Pinkney also contends that *Cady* is distinguishable because that case decided only whether the prosecuting attorney's actions were attributable to the state of Michigan. It did not, he says, involve whether the prosecuting attorney is a separate suable entity regardless of whether the prosecutor may also act as an agent for the county or the State of Michigan. (*See* ECF No. 11, PageID.301). But Pinkney sees daylight where there is none, and the argument is beside the point in any event. As *Cady* set out, when a county prosecutor in Michigan makes the decision related to the issuance of State criminal charges, the prosecutor acts as an agent of the State. *Cady*, 574 F.3d at 345. This is precisely what happened here.

Accordingly, the Court concludes that the Defendant Berrien County Prosecuting Attorney is entitled to Eleventh Amendment immunity.

### 2. Pinkney's Claims Against the County Focus on the Conduct of the Prosecutor in Enforcing State Law and Cannot State a **Monell** are Also Barred.

Even apart from *Cady*, the prosecutor's conduct in seeking to enforce State law "cannot have established a county policy, unconstitutional or otherwise" such as to establish municipal liability for *Monell* purposes.[5] *See D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013). A municipality or other local governmental entity may be considered a "person" under § 1983 and may therefore be held liable for its actions depriving a plaintiff of his federal rights—commonly referred to as *Monell* liability.

---

[5] Pinkney himself seems recognize this. *See* ECF No. 11, PageID.310 (noting that the county's liability "is dependent on whether, for purposes of *Monell*, [the prosecutor] was an agent of the State of Michigan or Berrien County.").

*Board of Cty. Comm'rs of Bryan Cty, Okl. v. Brown*, 520 U.S, 397, 403 (1997) (citing *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). But to establish municipality under § 1983, a plaintiff must establish that a constitutional violation caused his or her harm, *and that the municipality was responsible for the violation*. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). Municipal liability for such harms exists only if the implementation of official policies or established customs caused the harm. *Id.* (Citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (Powell, J., concurring)). To prove an illegal policy or custom, a plaintiff may look to "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of acquiescence of federal rights violations." *Id.* It is possible to show that a municipality has "a 'custom' causing constitutional violations, even if that custom was not formally sanctioned, provided that the plaintiff offers proof of policymaking officials' knowledge and acquiescence to the established practice." *Id.* (quotations omitted). Here, Pinkney alleges that Berrien County is liable for the actions of the prosecutor as a policymaker for the county. This allegation fails to state a *Monell* claim under Rule 12(b)(6).

In *D'Ambrosio*, a former death row inmate brought a Section 1983 claim against the county and county prosecutors that had failed to provide material exculpatory evidence to the inmates defense. He alleged that the county was liable for the constitutional violations of the prosecutors who, he said, "created and maintained an official policy, practice, and/or custom" of violating criminal defendants' constitutional rights. *D'Ambrosio*, 747 F.3d 378. In reviewing the *Monell* claim against the county, the Sixth Circuit applied a case parallel to *Cady* to hold that the county prosecutors "act as arms of the state—not of a municipality—when prosecuting state criminal charges." *Id.* at 386 (*citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). The court

10

thus rejected the plaintiff's claim that the defendant prosecutor was a policymaking official for the county, rather than the state, at least while prosecuting a State crime.  Courts in Michigan have reached the same conclusion in rejecting claims brought against local governments for the actions of county prosecutors who enforce state law.  *See Gavitt v. Ionia County*, 67 F. Supp. 3d 838, 860-61 (E.D. Mich. 2014), *aff'd* 835 F.3d 623 (6th Cir. 2016); *Gerics v. Trevino*, Case No. 15-cv-12922, 2018 WL 5719843, at *3 (E.D. Mich. Nov. 1, 2018).

To the extent Pinkney claims that the Berrien county prosecutor acted in accordance with a county practice, that is, that the prosecutor as a policymaker designed policies or customs resulting in constitutional violations, the allegations in the Complaint are insufficient to create a *Twombly* plausible claim.  *See Gavitt*, 67 F. Supp. 3d at 860.  As the court in *D'Ambrosio* observed in rejecting a similar contention:

> The thrust of the complaint is that [the defendant prosecutor]—and perhaps one or two other members of the Prosecutor's Office—instigated and implemented habitually unconstitutional practices, not that they were following municipal policy in doing so. Municipal liability attaches only where the policy or practice in question is "attributable to the municipality," but D'Ambrosio's complaint contains no allegations that the practice at issue here was acquiesced to or informed by municipal actors rather than by prosecutors who had adopted the strategy in order to win criminal convictions.  Again, state prosecutors' actions in prosecuting state crimes cannot themselves establish municipal policy.

*D'Ambrosio*, 747 F.3d at 387.  The same holds true here.  Pinkney has not alleged there is any separate policy or practice attributable to Berrien County that resulted in the deprivation of his constitutional rights.  Accordingly, the Court concludes that Pinkney has failed to establish a basis for *Monell* liability against the Defendant county.

### 3. *Plaintiff Fails to State a Claim on the Merits in Any Event*

Pinkney has also failed to state a *Twombly* plausible claim with respect to the Counts raised in his Complaint.

1. *Procedural Due Process*

Pinkney's procedural due process claim is grounded in his contention that he was prosecuted, convicted, and incarcerated for a crime that did not exist, which deprived him of his liberty interests. This claim does not fit neatly in the procedural due process framework because Pinkney used the process and prevailed—he successfully obtained an Order dismissing the charges. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof' Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Pinkney's Complaint fails to identify a protected interest of which he was deprived without adequate process. *See Duncan v. Newby*, No. 5:15-cv-137-TBR, 2018 WL 627573, at *3 (W.D. Ky. Jan. 29, 2019) ("[D]ue to the fact that the underlying criminal proceedings against Plaintiff were terminated in his favor, he has failed to state an independent claim for violation of procedural due process[.]"); *see also Sadowski v. City of Ishpeming*, Case No. 2:19-cv-13, ECF No. 32 (W.D. Mich. Jan. 3, 2020) (granting defense motion to dismiss procedural due process claim where the plaintiff was acquitted at retrial). To the contrary, his exercise of his procedural rights ultimately led to his exoneration.

2. *Remaining Claims*

In his remaining counts, Pinkney contends that his prosecution, conviction, and subsequent incarceration for an illusory crime violated substantive due process, as well as various constitutional penumbras, and those rights recognized in *Class v. United States*, 583 U.S. ___, 138

S. Ct. 798, 804 (2018).  Pinkney emphasizes that he is raising these claims apart from a Fourth Amendment malicious prosecution claim and that he is not bringing a claim under the Fourth Amendment.

Despite these arguments, however, the Court is satisfied that Pinkney's claims must rise or fall under the Fourth Amendment.[6]  Indeed, in a recent decision the Sixth Circuit Court of Appeals noted that it once examined such claims as a "substantive-due-process right under the Fourteenth Amendment to be free from malicious prosecutions that 'shock the conscience.'" *Lester v. Roberts*, 986 F.3d 599, 606 (6th Cir. 2021) (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)).  But the court in *Lester* noted that the Supreme Court "rejected [this] view." *Id.* (citing *Albright v. Oliver*, 510 U.S. 266)).  Today, the Sixth Circuit applies a Fourth Amendment framework to these claims.  *See id.*; *see also Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

To make out a claim under the Fourth Amendment, a plaintiff must show "(1) the defendant 'made, influenced, or participated in the decision to prosecute'; (2) the government

---

[6] Even analyzing Pinkney's claims on his own terms, he fails to state a claim.  The substantive component of the Due Process Clause, for example, protects 'fundamental rights' that are so 'implicit in the concept of ordered liberty' that 'neither liberty nor justice would exist if they were sacrificed.'" *Doe v. Michigan Dept of State Police*, 490 F.3d 491, 499 (6th Cir. 2007) (quoting *Palko v. Conn.*, 302 U.S. 319, 325 (1937).  "Such rights include 'the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion." *Id.* (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)).  "The Supreme Court has cautioned, however, that it has 'always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scare and open-ended.'" *Id.* (quoting *Glucksberg*, 521 U.S. at 720).  The legal test applied to determine whether conduct violates substantive due process under the Fourteenth Amendment is whether the conduct "shocks the conscience." *Darrah v. City of Oak Park*, 255 F.3d 301, 306 (6th Cir. 2001).  Pinkney was charged and convicted under a statute that the trial court, and two panels of the State Court of Appeals had concluded amounted to a substantive offense.  He pursued his claims and ultimately prevailed in the Michigan Supreme Court.  This is hardly conscience shocking; to the contrary, it is how the normal process of direct review works.  Pinkney's remaining "penumbra" claims merely reassert the same claims with new labels.  They fail for the same reason.

13

lacked probable cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's favor." *Lester*, 986 F.3d at 606 (quoting *Jones v. Clark County*, 959 F.3d 748, 756 (6th Cir. 2020)). Accepting as true the well-pleaded allegations in Pinkney's Complaint, there is no question but that there was probable cause for Pinkney's prosecution.[7] He does not dispute the underlying events that led to his prosecution. These events readily provide a prudent prosecutor with probable cause to believe that an offense had been committed. The decisions of the Court of Appeals in *Hall*, of the trial court in Pinkney's own case—and of the Court of Appeals during Pinkney's direct appeal—all confirm that this belief was eminently reasonable. Thus there is no valid Fourth Amendment claim here on the decision to charge and prosecute Pinkney.

Of course, Pinkney is entitled to the benefit of the Michigan Supreme Court decision on the direct review of his case. But that benefit was fully realized when the underlying conviction was vacated on direct appeal. This exonerated Pinkney. True, Pinkney spent time in custody that he would not have spent if the State Supreme Court had reached that conclusion earlier. But that is true whenever an appellate court changes the law or vacates a conviction on direct review. For that matter, it is also true when a jury ultimately acquits a defendant detained pending trial. These circumstances do not translate to a basis for liability for the prosecutor and county in following the law in effect at the time of the prosecution. *C.f. Heyerman v. County of Calhoun*, 680 F.3d 642 (6th Cir. 2012) (no county liability where the need for action (to avoid constitutional violation)

---

[7] To the extent Pinkney contends his detention along the way amounted to a false arrest, this claim is also governed by the Fourth Amendment requiring a lack of probable cause. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) ("[T]he Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process[.]"); *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014) ("To state a Fourth Amendment false arrest claim, a plaintiff must 'prove that the arresting officer lacked probable cause to arrest the plaintiff.'") (quoting *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)).

was not 'plainly obvious" or a 'highly predictable consequence' of the county's existing policy). The constitutional liberty interest of defendants in those situations is fully vindicated by the requirement of probable cause.

Based on all the above, the Court discerns no reason for a stay of this case while Pinkney's State Court case proceeds. Even if the proceedings result in a ruling that is favorable towards Pinkney's position, and even if that undermines *Cady*'s validity, the claims in Plaintiff's complaint fail on the merits.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1. Pinkney's Motion to Stay (ECF No. 12) is **DENIED.**

2. Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED.**

Judgment will enter against Pinkney and in favor of Defendants dismissing this action with prejudice.

Dated:   July 20, 2021            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE